**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**RICKEY AND SHIRLEY SERIGNE**                                                **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 06-5861**

**COX OPERATING, L.L.C., ET AL**                                             **SECTION "K" (2)**

**ORDER AND REASONS**

Before the Court is Brammer Engineering's Motion for Summary Judgment. Rec. Doc. 18. The Motion is Opposed. Rec. Doc. 28. For the following reasons, the motion is denied.

**I.    BACKGROUND**

The facts of this matter have been laid out in the Court's prior Order on Cox's Motion for Summary Judgment. In the current motion, Brammer contends this matter is governed by the general maritime law and under the *Oregon*[1] rule, the Serignes have to rebut the presumption of fault placed upon a moving vessel which strikes a stationary object. Brammer asserts the plaintiffs have failed to rebut and cannot rebut the presumption of fault placed upon the moving vessel because they have not identified the wellhead allegedly hit by Rickey Serigne and do not know who owned the wellhead.

Plaintiffs counter that their petition alleges that the wellhead at issue was owned by Cox. Further, plaintiffs attach the affidavit of Rickey Serigne attesting that he has identified the well he hit as Well #273. Plaintiffs submit that Well #273 is located in the Quarantine Bay Field and is one of the wells which Cox admits, in its discovery responses, to maintaining an interest or responsibility. Additionally, Plaintiffs assert that Rickey Serigne has always known exactly which well he hit although he may have not known at the time of his deposition who was the owner. After

---

[1] The *Oregon* rule provides that when a moving vessel collides with a stationary object, the moving vessel is presumed to be at fault. *The Oregon*, 158 U.S. 186, 192-93, 15 S.Ct. 804, 806-08, 39 L.Ed. 943 (1895).

revisiting the scene and looking at maps provided through discovery, Serigne attests that he is able to identify the well he hit as #273 in Quarantine Bay Field. Because Cox's discovery responses and motion for summary judgment state that all of its wells located in Quarantine Bay Field are maintained by Brammer under its operating agreement with Cox and that Brammer is responsible for those wells, including lighting of the well, plaintiffs argue they have met their burden on summary judgment.

Additionally, plaintiffs argue that the presumption placed upon a moving vessel which allides with a stationary object is rebutted if, among other things, the allision is the fault of the stationary object.[2] Plaintiffs submit that the undisputed facts show that the wellhead did not have any lighting on it in violation of several federal statutes.[3] Thus, plaintiffs argue they have shown facts to defeat summary judgment because the allision was caused by the fault of the stationary object, i.e. its failure to have lighting. Plaintiffs further submit that at all times Serigne acted with reasonable care by monitoring the weather, communicating with other mariners about the weather, and using his radar and other electronics, all which were in good working condition.

Brammer's reply argues that plaintiffs rely only on the unsubstantiated affidavit of Serigne to confirm the well's identity. Brammer argues this affidavit is not enough to defeat summary judgment in light of Serigne's prior deposition testimony stating he neither knew the identity of the well owner nor the identification of the well itself. Second, Brammer's reply asserts that the agreement between it and Cox does not contain a specific obligation on the part of Brammer for lighting on either Well # 42 or Well # 273 as the agreement does not reference either well nor does

---

[2]In support, plaintiffs cite *Cenex Harvest States Cooperatives v. Prince of Tokoyo, et al.*, 1999 WL 1037926 (E.D. La. 1999)(Barbier, J).

[3]See 33 C.F.R. §§ 67.05-1, 67.05-5, 67.05-10, 67.05-15, and 67.05-20.

the agreement list Brammer as a lessee, or shift or transfer liability to Brammer for the statutory obligations placed upon the owner concerning lighting. Finally, Brammer argues that there has been no evidence presented that it knew or should have known that the lighting on the well Serigne struck was inadequate.

## II.    LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

To establish a negligence claim under general maritime law, the plaintiff must show that the defendant owed the plaintiff a duty of care; that defendant breached that duty; that plaintiff sustained an injury; and that defendant's conduct caused plaintiff's injuries. *See In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir.1991).

Brammer's sole argument in its summary judgment motion is that the claims against it by

3

plaintiffs should be dismissed because Serigne can not identify the wellhead he hit nor identify its owner. Rec. Doc. 18 at p. 3 and Statement of Uncontested Facts at p. 1. Plaintiffs dispute these facts and attach Serigne's affidavit (dated after his deposition) identifying the well he hit as well as Cox's discovery responses and attachments (dated after Serigne's deposition) indicating that the well he hit was owned by Cox. As to evidence linking Brammer, plaintiffs attach Cox's summary judgment motion claiming that Brammer was responsible for lighting all wells under its agreement with Cox and also attaches a copy of the agreement. Exhibits "D" and "E" attached to Rec. Doc. 28.

Contrary to Brammer's position, plaintiffs have come forth with competent summary judgment evidence refuting Brammer's position that Rickey Serigne cannot identify the wellhead he hit and that he cannot identify the owner. As Serigne has identified Cox as the owner of the well he hit and attested to the specific wellhead in question, Brammer has not met its burden in showing that the undisputed facts show that it is entitled summary judgment as a matter of law.

Further, the arguments raised for the first time in Brammer's reply memorandum are not only unable to be considered because there was no opportunity for reply by the plaintiffs but also are without merit. The COA provides that Cox "appoints and designates Brammer to act for and on its behalf and as its Contract Operator to perform certain acts and deeds and exercise certain of the operating rights and privileges of Cox considered by Brammer to be reasonable or necessary as Operator ...such actions by Brammer to be to such extent and as fully as though Brammer itself has been designated as Operator of each such well." This provision of the agreement shows that Brammer may have assumed all duties of Cox as Operator including the duty to light the wellhead in question. Thus, Brammer's argument is that it had no duty to light is rejected and summary

judgment is denied.

For the reasons stated herein,

**IT IS ORDERED** that Brammer Engineering, Inc's Motion for Summary Judgment (Rec. Doc. 18) is **DENIED.**

New Orleans, Louisiana 26th day of August, 2008**.**

                                            **UNITED STATES DISTRICT JUDGE**
                                            **STANWOOD R. DUVAL**